**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

IN RE: Longview Power LLC et al.
_____

| | | |
|---|---|---|
| Kvaerner North American Construction Inc., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 14-507 |
| | : | Bankruptcy Case No. 13-12211 (BLS) |
| Longview Power LLC, et al., | : | AP No. 14-8 |
| | : | |
| Appellees. | : | |

**<u>RECOMMENDATION</u>**

At Wilmington this **15th** day of **May, 2014**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, mediation in this court would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The appellate parties and certain other non-appellate parties have been engaged in an arbitration proceeding for nearly three years arising from the design, construction, commissioning and operation of the plant owned by Longview, the chapter 11 debtor in the bankruptcy case.  After filing for chapter 11 protection, Longview sought bankruptcy court approval of the terms of a settlement agreement with Foster Wheeler which effects a global

resolution of all issues between them. The bankrutpcy court entered an order approving the settlement over the objection of Appellant Kvaerner, which lead to the present appeal.

Presently the appellate parties and others, who are not parties to the appeal, but who are essential to efforts to reach resolution, are currently engaged in ongoing bankruptcy court approved mediation regarding various disputes between them. The subject matter of the bankruptcy court ordered mediation is broader than, but inclusive of the issues on appeal, and involves disputes at issue in the arbitration, the bankruptcy proceedings, and two related adversary proceedings pending in the bankruptcy court. As a result, mediation on this appeal would be duplicative of the current mediation proceedings in bankruptcy court.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation. The parties, through this order, are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. However, all were in agreement with removal from this court's Standing Order requirement of mandatory mediation.

Since the parties are in negotiations to resolve this matter and other related issues, it is unknown as to the timing of any briefing schedule.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge  
UNITED STATES MAGISTRATE JUDGE